# Exhibit 16

**FL-300**

| PARTY WITHOUT ATTORNEY OR ATTORNEY: | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: IRA M. FRIEDMAN, State Bar #64096
FIRM NAME: FRIEDMAN & FRIEDMAN
STREET ADDRESS: 9454 Wilshire Boulevard, Suite 313
CITY: Beverly Hills    STATE: CA    ZIP CODE: 90212
TELEPHONE NO.: 310.273.2800 x201    FAX NO.: 310.273.3642
E-MAIL ADDRESS: imf@f-f-law.com
ATTORNEY FOR (name): Petitioner DANA DAVIS ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: P.O. Box 6489
CITY AND ZIP CODE: Ventura, California 93009
BRANCH NAME: CENTRAL DISTRICT

PETITIONER: DANA DAVIS ROBINSON
RESPONDENT: SCOTT K. ROBINSON
OTHER PARENT/PARTY:

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California
County of Ventura
**03/13/2026**
K. Bieker
Executive Officer and Clerk
C. Rios
Deputy Clerk

| REQUEST FOR ORDER ☐ CHANGE ☐ TEMPORARY EMERGENCY ORDERS | CASE NUMBER: D 397 678 |
|---|---|
| ☐ Child Custody    ☐ Visitation (Parenting Time)    ☐ Spousal or Partner Support<br>☐ Child Support    ☐ Property Control    ☒ Attorney's Fees and Costs<br>☐ Other (specify): | |

Note: Read form *FL-300-INFO* for information about how to complete this form. To ask to change or end an order that was granted in a Restraining Order After Hearing (form DV-130 or JV-255), read form *FL-300-INFO* and form *DV-300-INFO*.

**NOTICE OF HEARING**

1.   TO (name): DLA Piper LLP (US) Profit Sharing & 401(k) Savings Plan
     ☐ Petitioner    ☐ Respondent    ☐ Other Parent/Party    ☒ Other (specify): 3rd Party Claimant

2.   **A COURT HEARING WILL BE HELD AS FOLLOWS:**

| a. Date: 04/29/26 | Time: 8:30 a.m. | ☒ Dept.: 31 | ☐ Room: |
|---|---|---|---|
| b. Address of court    ☒ same as noted above    ☐ other (specify): | | | |

3.   **WARNING to the person served with the *Request for Order*:** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. *(See form FL-320-INFO for more information.)*

**COURT ORDER**
*(FOR COURT USE ONLY)*

It is ordered that:

4.   ☐ Time ☐ for service ☐ until the hearing    is shortened. Service must be on or before (date):

5.   ☐ A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before (date):

6.   ☐ The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location):

7.   ☐ The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.

8.   ☐ Other (specify):

Date: _____    _____
                                     JUDICIAL OFFICER    Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2025]

CEB Essential
ceb.com Forms

**REQUEST FOR ORDER**

Family Code, §§ 2045, 2107, 6224,
6226, 6320–6326, 6380–6383
Government Code, § 70612
Cal. Rules of Court, rule 5.92
courts.ca.gov

Robinson, Dana

*Left margin:* Ventura Superior Court Accepted through eDelivery submitted 03-13-2026 at 12:00:00 PM

*Right margin:* CASE #:D397678 RECEIPT #: 1260325D247341 DATE PAID : 03/25/26 7:26 AM TOTAL : 60.00 TYPE : EFT

FL-300

| PETITIONER: DANA DAVIS ROBINSON | CASE NUMBER: |
|---|---|
| RESPONDENT: SCOTT K. ROBINSON | D 397 678 |
| OTHER PARENT/PARTY: | |

## REQUEST FOR ORDER

**Note:** Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ **RESTRAINING ORDER INFORMATION**
   One or more domestic violence restraining/protective orders are now in effect between *(specify)*:
   ☐ Petitioner ☐ Respondent ☐ Other Parent/Party *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state)*:
   a. ☐ Criminal: County/state *(specify)*:          Case No. *(if known)*:
   b. ☐ Family: County/state *(specify)*:            Case No. *(if known)*:
   c. ☐ Juvenile: County/state *(specify)*:          Case No. *(if known)*:
   d. ☐ Other: County/state *(specify)*:             Case No. *(if known)*:

2. ☐ **CHILD CUSTODY**                               ☐ I request temporary emergency orders
   ☐ **VISITATION (PARENTING TIME)**
   a. I request that the court make orders about the following children *(specify)*:

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc)*: | ☐ Physical Custody to *(person with whom child lives)*: |
   |---|---|---|---|

   ☐ Attachment 2a.

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:
      (1) ☐ Specified in the attached forms:
         ☐ Form FL-305 ☐ Form FL-311 ☐ Form FL-312 ☐ Form FL-341(C)
         ☐ Form FL-341(D) ☐ Form FL-341(E) ☐ Other *(specify)*:
      (2) ☐ As follows *(specify)*:                  ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify)*:   ☐ Attachment 2c.

**REQUEST FOR ORDER**

Robinson, Dana

■CEB| Essential
ceb.com |■Forms

**FL-300**

| | |
|---|---|
| PETITIONER: **DANA DAVIS ROBINSON**<br>RESPONDENT: **SCOTT K. ROBINSON**<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>**D 397 678** |

2.    d. ☐ This is a change from the current order for    ☐ child custody    ☐ visitation (parenting time).
        (1) ☐ The order for legal or physical custody was filed on *(date)*:                    . The court ordered *(specify)*:

        (2) ☐ The visitation (parenting time) order was filed on *(date)*:                    . The court ordered *(specify)*:

☐ Attachment 2d.

3.    ☐ CHILD SUPPORT
        (Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195)
        a.    I request that the court order child support as follows:
        <u>Child's name and age</u>                    ☐ I request support for each child    ☐ <u>Monthly amount ($) requested</u>
                                based on the child support guideline.    (if not by guideline)

☐ Attachment 3a.

        b.    ☐ I want to change a current court order for child support filed on *(date)*:
            The court ordered child support as follows *(specify)*:

        c.    I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed
            a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

        d.    The court should make or change the support orders because *(specify)*:    ☐ Attachment 3d.

4.    ☐ SPOUSAL OR DOMESTIC PARTNER SUPPORT
        (Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)
        a.    ☐ Amount requested *(monthly)*: $
        b.    ☐ I want the court to    ☐ change    ☐ end    the current support order filed on *(date)*:
            The court ordered $                    per month for support.
        c.    ☐ This request is to modify (change) spousal or partner support after entry of a judgment.
            I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration
            that addresses the same factors covered in form FL-157.
        d.    I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
        e.    The court should make, change, or end the support orders because *(specify)*:    ☐ Attachment 4e.

FL-300 [Rev. July 1, 2025]    **REQUEST FOR ORDER**    Page 3 of 4

CEB Essential
ceb.com Forms

Robinson, Dana

**FL-300**

| | |
|---|---|
| PETITIONER: **DANA DAVIS ROBINSON**<br>RESPONDENT: **SCOTT K. ROBINSON**<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>**D 397 678** |

5. ☐ PROPERTY CONTROL               ☐ I request temporary emergency orders
    a.   The ☐ petitioner ☐ respondent ☐ other parent/party   be given exclusive temporary use, possession, and
        control of the following property that we ☐ own or are buying   ☐ lease or rent *(specify)*:

    b.   The ☐ petitioner ☐ respondent ☐ other parent/party   be ordered to make the following payments on debts
        and liens coming due while the order is in effect:

        Pay to: _____ For: _____ Amount: $ _____ Due date: _____
        Pay to: _____ For: _____ Amount: $ _____ Due date: _____
        Pay to: _____ For: _____ Amount: $ _____ Due date: _____
        Pay to: _____ For: _____ Amount: $ _____ Due date: _____

    c.   ☐ This is a change from the current order for property control filed on *(date)*:
    d.   Specify in Attachment 5d the reasons why the court should make or change the property control orders.

6. ☒ ATTORNEY'S FEES AND COSTS
    I request attorney's fees and costs, which total *(specify amount)*: $     **50,000.00** . I filed the following to support my request:
    a.   A current *Income and Expense Declaration* (form FL-150).
    b.   A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered
       in that form.
    c.   A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the
       factors covered in that form.

7. ☐ OTHER ORDERS REQUESTED *(specify)*:                      ☐ Attachment 7.

8. ☐ TIME FOR SERVICE / TIME UNTIL HEARING   I urgently need:
    a.   ☐ To serve the *Request for Order* no less than *(number)*:       court days before the hearing.
    b.   ☐ The hearing date and service of the *Request for Order* to be sooner.
    c.   I need the order because *(specify)*:                   ☐ Attachment 8.

9. ☒ FACTS TO SUPPORT the orders I request are listed below. The facts that I write in support and attach to this request
    cannot be longer than 10 pages, unless the court gives me permission.          ☐ Attachment 9.
    See attached Memorandum of Points and Authorities and Declaration of Ira M. Friedman

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments
is true and correct.

Date: March /2 2026

IRA M. FRIEDMAN                   ▶ SEE SIGNATURE ON DECLARATION
      (TYPE OR PRINT NAME)                          (SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if
you ask at least five days before the proceeding. Contact the clerk's office or go to courts.ca.gov/forms for *Disability
Accommodations Request* (form MC -410 ). (Civ. Code, § 54.8.)

| | | |
|---|---|---|
| FL-300 [Rev. July 1, 2025]<br>■CEB Essential<br>ceb.com ⊡Forms | **REQUEST FOR ORDER**<br><br>Robinson, Dana | Page 4 of 4 |

**FL-319**

| | |
|---|---|
| PETITIONER/PLAINTIFF: DANA DAVIS ROBINSON | CASE NUMBER |
| RESPONDENT/DEFENDANT: SCOTT K. ROBINSON | D 397 678 |
| OTHER PARTY: | |

## REQUEST FOR ATTORNEY'S FEES AND COSTS ATTACHMENT

1. I am completing this form because:
   a. I need to have enough money for attorney's fees and costs to present my case adequately;
      ☐ I am receiving free legal services from an attorney at a nonprofit legal services agency or a volunteer attorney.
   b. I have less money or limited access to funds to retain or maintain an attorney compared to the party that I am requesting pay for my attorney's fees and costs; and
   c. the party that I want the court to order to pay for my attorney's fees and costs has or is reasonably likely to have the ability to pay for attorney's fees and costs for me and himself or herself.

2. I am asking the court to order that (check all that apply):    ☐ petitioner/plaintiff    ☐ respondent/defendant
   ☒ other party (specify):   DLA Piper LLP (US) Profit      pay for my attorney's fees and costs in this legal proceeding as follows:
   a. ☒ Fees:  $      50,000.00 Sharing and 401(k) Savings Plan
   b. ☐ Costs:  $

3. The requested amount includes (check all that apply):
   a. ☒ a fee in this amount of: $     50,000.00 to hire an attorney in a timely manner before the proceedings in the matter go forward.
   b. ☐ attorney's fees and costs incurred from the beginning of representation until now in the amount of: $
   c. ☐ estimated attorney's fees and costs in the amount of: $
   d. ☐ attorney's fees and costs for limited scope representation in the amount of: $

4. Have attorney's fees and costs been ordered in this case before?
   a. ☐ No.
   b. ☒ Yes. If so, describe the order:
      (1) The ☐ petitioner/plaintiff   ☒ respondent/defendant   ☐ other party  must pay: $      150,000.00
         for attorney's fees and costs.

      (a) This order was made on (date):   July 1, 2021
      (b) From the payment sources of (if known):  personal assets

      (c) The payments   ☒ have been made   ☐ have not been made   ☐ have been made in part
      since the date of the order.

      (2) ☐ Additional information (specify):

5. Along with this Request form, you must complete, file and serve:
   a. A current Income and Expense Declaration (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changed since the time of completion; and

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-319 [New January 1, 2012]

**REQUEST FOR ATTORNEY'S FEES AND
COSTS ATTACHMENT**
(Family Law)

Family Code, §§ 270, 2030, 2032, 3121, 3557, 7605; Cal. Rules of Court, rules 5.425, 5.93
www.courts.ca.gov

Robinson, Dana

FL-319

| PETITIONER/PLAINTIFF: DANA DAVIS ROBINSON | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: SCOTT K. ROBINSON | D 397 678 |
| OTHER PARTY: | |

5. b. A personal declaration in support of your request for attorney's fees and costs that explains why you need an award of attorney's fees and costs (either *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158).

6. The party requesting attorney's fees and costs must provide the court with sufficient information about the following factors:
   a. The attorney's hourly billing rate;
   b. The nature of the litigation, its difficulty, and skill required and employed in handling the litigation;
   c. Fees and costs incurred until now; anticipated attorney's fees and costs; and why the fees and costs are just, necessary, and reasonable;
   d. The attorney's experience in the particular type of work demanded; and
   e. If it is a limited scope fee arrangement, the scope of representation.

### Notice to Responding Party

7. To respond to this request, you must complete, file and serve:
   a. A *Responsive Declaration* (form FL-320);
   b. A current *Income and Expense Declaration* (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changed since the time of completion; and
   c. A personal declaration explaining why the court should grant or deny the request for attorney's fees and costs (either *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158).

8. Number of pages attached to this *Request* form: _____

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date: March 12 2026

DANA DAVIS ROBINSON
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

FL-158

| PETITIONER/PLAINTIFF: DANA DAVIS ROBINSON | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT: SCOTT K. ROBINSON | D 397 678 |
| OTHER PARTY: | |

## SUPPORTING DECLARATION FOR ATTORNEY'S FEES AND COSTS ATTACHMENT

To: ☒ *Request for Attorney's Fees and Costs Attachment* (form FL-319)
☐ *Responsive Declaration* (form FL-320)

1. I am
   a. ☒ the petitioner/plaintiff.
   b. ☐ the respondent/defendant.
   c. ☐ the other party.

2. I request that the court ☒ grant ☐ grant in part ☐ deny the request for attorney's fees and costs.

3. I am providing the following information ☒ in support of ☐ in opposition to the request for attorney's fees and costs.

   a. The ☐ petitioner/plaintiff ☐ respondent/defendant ☒ other party has the ability to pay

   (1) ☐ my attorney's fees and costs.
   (2) ☐ his or her own attorney's fees and costs.
   (3) ☒ both my and his or her own attorney's fees and costs.
   (4) ☐ other *(specify):*

   b. The attorney's fees and costs can be paid from the following sources:
   DLA Piper LLP (US) Profit Sharing and 401(k) Savings Plan (the "Plan") is represented by attorneys bearing the same DLA Piper name. Petitioner does not presently know the precise internal billing arrangements between the Plan and its attorneys, however the practical reality is that the appellant is represented by institutional counsel and has used that access to counsel to prolong litigation over the payment of support arrears.

   c. The court should consider the following facts in deciding whether to grant, grant in part, or deny the request for attorney's fees and costs *(describe):*
   ☒ See Attachment 3c.
   As noted above, regardless of whether the Plan's counsel is paid directly by the Plan, by a related entity or through some other internal arrangement, the reality is the same: Petitioner is being required to defend an appeal prosecuted by a DLA Piper named pension plan by DLA Piper lawyers.

   d. If appropriate, describe the reasons why a non-spouse party or domestic partner is involved in the case and whether he or she should or should not pay attorney's fees and costs:
   ☐ See Attachment 3d.

Form Approved for Optional Use
Judicial Council of California
FL-158 [New January 1, 2012]

CEB Essential Forms

## SUPPORTING DECLARATION FOR ATTORNEY'S FEES AND COSTS ATTACHMENT
### (Family Law)

Family Code, §§ 270,
2030, 2032, 3121, 3557,
4320, 7605; Cal. Rules of
Court, rules 5.425, 5.93
www.courts.ca.gov

Robinson, Dana

| | | FL-158 |
|---|---|---|
| PETITIONER/PLAINTIFF: **DANA DAVIS ROBINSON** | CASE NUMBER: | |
| RESPONDENT/DEFENDANT: **SCOTT K. ROBINSON** | D 397 678 | |
| OTHER PARTY: | | |

4. Has an order already been made for payment of child support in this case?

   a. [X] No.

   b. [ ] Yes. If so, describe the order:

     (1) The [ ] petitioner/plaintiff  [ ] respondent/defendant  [ ] other party  must pay: $ _____
     per month for child support.
     (a) This order has been in effect since (date): _____
     (b) The payments [ ] have been made  [ ] have not been made  [ ] have been made in part
     since the date of the order.
     (2) [ ] Additional information (specify):

5. Has an order already been made for payment of spousal, partner, or family support in this case?

   a. [ ] No.

   b. [X] Yes. If so, describe the order:

     (1) The [ ] petitioner/plaintiff  [X] respondent/defendant  [ ] other party  must pay: $ 5,000.00
     per month for  [X] spousal support  [ ] partner support  [ ] family support.
     (a) This order has been in effect since (date): July 1, 2021
     (b) The payments [ ] have been made  [X] have not been made  [ ] have been made in part
     since the date of the order.
     (2) [X] Additional information (specify):
        The appeal filed by the Plan arises from this Court's issuance of a QDRO directing
        payment of Respondent's past due support from his pension plan. The Plan - not
        Respondent - is the party challenging that QDRO

6. If you are or were married to, or in a domestic partnership with, the person you are seeking fees from, the court must consider the factors in Family Code section 4320 in determining whether it is just and reasonable under the relative circumstances to award attorney's fees and costs. Complete and attach *Spousal or Partner Support Declaration Attachment* (form FL-157) or a comparable declaration to provide the court with information about the factors described in section 4320.

7. You must complete, file, and serve a current *Income and Expense Declaration* (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changed since the time of completion.

8. Number of pages attached to this *Supporting Declaration:* _____

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date: March 12 2026

**DANA DAVIS ROBINSON**
(TYPE OR PRINT NAME)

► _____
(SIGNATURE)

Robinson, Dana

# Memorandum of Points & Authorities

## MEMORANDUM OF POINTS & AUTHORITIES

### 1.

### INTRODUCTION

Dana Davis Robinson ("Dana") is the Petitioner. Scott K. Robinson ("Scott") is the Respondent. The claimant/joined party is the DLA Piper LLP (US) Profit Sharing & 401(k) Savings Plan (the "Piper Retirement Plan" or "Plan").

Dana requests an order requiring the Piper Retirement Plan to advance $50,000 in attorneys' fees so she can retain competent appellate counsel to defend against the appeal the Plan filed from this Court's January 7, 2026 order.

Dana has filed a current *Income and Expense Declaration* ("I&E") with this *Request for Order*. As reflected in her *Income and Expense Declaration*, Dana does not have sufficient funds to retain appellate counsel. This litigation has been driven by one central reality: Dana has had to pursue enforcement proceedings simply to obtain support already owed to her, and she cannot meaningfully protect the relief this Court has ordered unless she has the ability to defend the Plan's appeal.

### 2.

### BACKGROUND AND PROCEDURAL HISTORY

On July 1, 2021, the Ventura County Superior Court entered a *Judgment of Dissolution of Marriage* (the "Judgment"). In Section III.A (page 6), the Judgment awarded Dana one-half of Scott's interest in the DLA Piper LLP (US) Profit Sharing & 401(k) Savings Plan. The Judgment also ordered Scott to pay Dana spousal support of $5,000 per month commencing July 1, 2021. (See Exhibit A, Declaration of Ira M. Friedman.)

///

///

///

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

| In Re The Marriage of: | VENTURA COUNTY SUPERIOR COURT |
|---|---|
| Petitioner: DANA DAVIS ROBINSON | CASE NO. D 397 578 |
| Respondent: SCOTT K. ROBINSON          1 | Request for Order - Attorneys' Fees |

Scott failed to pay as ordered. By August 30, 2024, Scott owed Dana $25,842.46 in unpaid spousal support.[1] Dana therefore pursued enforcement through a *Qualified Domestic Relations Order* ("QDRO") and caused a QDRO to be issued and served on the Plan directing a lump-sum payment in the amount of the then-past-due support.

On or about November 25, 2024, Dana filed a *Request for Joinder* directed to the Piper Retirement Plan. Rather than substantively respond as the joined plan administrator and proceed through the QDRO process, the Plan filed a motion designed to avoid compliance. On March 10, 2025, the Piper Retirement Plan filed a motion to dismiss the joinder, asserting that the relief sought via QDRO was inconsistent with the *Employee Retirement Income Security Act of 1974*, as amended ("ERISA"), and the Plan's governing provisions. That motion was set for hearing on April 7, 2025, later continued to July 29, 2025, and taken under submission.

On September 24, 2025, this Court issued its order denying the Plan's motion to dismiss, recognizing that ERISA provides exceptions permitting enforcement through a QDRO. (See Exhibit D, Declaration of Ira M. Friedman.)

Despite that ruling, the Plan still did not comply with the QDRO. Dana therefore filed a *Request for Order* on November 13, 2025 seeking to compel compliance. The hearing occurred on January 7, 2026. At that hearing, the Court again affirmed its prior ruling and ordered the Piper Retirement Plan to comply with the QDRO. (See Exhibit E, Declaration of Ira M. Friedman.)

Rather than comply with the Court's January 7, 2026 order, the Plan has now filed a Notice of Appeal.

Dana now asks this Court to order the Piper Retirement Plan to advance $50,000 in attorneys' fees so she may retain appellate counsel and defend her interest in the

---

[1] Since that time, the amount of past due spousal support has increased due to interest and Scott's continued failure to pay the monthly spousal support.

| In Re The Marriage of:<br>Petitioner: DANA DAVIS ROBINSON<br>Respondent: SCOTT K. ROBINSON | VENTURA COUNTY SUPERIOR COURT<br>CASE NO. D 397 578<br>Request for Order - Attorneys' Fees |
|---|---|
| | 2 |

FRIEDMAN & FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

Court-ordered enforcement relief that the Plan continues to resist - first through a motion to dismiss, then through opposition to enforcement, and now through appeal.

**3.**

**FAMILY CODE SECTION 2030 REQUIRES**

**THAT EACH PARTY HAVE ACCESS TO**

**LEGAL REPRESENTATION**

*Family Code* section 2030 requires the Court to ensure that each party has access to legal representation in dissolution proceedings and related post-judgment proceedings by ordering, when necessary based on relative income and needs, one party to pay the other's reasonably necessary attorney's fees and costs to maintain or defend the proceeding. (*Family Code*, § 2030.)

Section 2030 expressly contemplates fee awards for services rendered both before and after commencement of the proceeding, and authorizes augmentation or modification of an award as reasonably necessary to prosecute or defend the matter, including "after any appeal has been concluded." (*Family Code*, § 2030.)

Here, section 2030(d) is directly applicable because it permits need-based fee awards against a properly joined, non-spouse party, limited to what is reasonably necessary to maintain or defend the action "on issues relating to that party." (*Family Code*, § 2030(d).)

Additionally, *In re Marriage of Wendt & Pullen* (2021) 63 Cal. App.5th 647 illustrates that attorneys' fees may be awarded against third parties, such as trustees or administrators, when necessary to ensure access to legal representation. That case reflects California's strong public policy favoring a level playing field in dissolution proceedings, even where the opposing litigant is not a spouse but a third party drawn into the litigation. Likewise, *In re Marriage of Nakamoto & Hsu* (2022) 79 Cal. App.5th 457 the Court discusses the need-and-ability-to-pay framework in the context of appellate fees.

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

| In Re The Marriage of: | VENTURA COUNTY SUPERIOR COURT |
|---|---|
| Petitioner: DANA DAVIS ROBINSON | CASE NO. D 397 578 |
| Respondent: SCOTT K. ROBINSON          3 | Request for Order - Attorneys' Fees |

This dispute is procedurally embedded in the underlying family law action. The Plan was properly joined, and the Plan administrator is the entity opposing QDRO enforcement and prosecuting the appeal. Dana's requested fees will be incurred solely to defend against the Plan's appeal and to preserve the enforcement relief this Court ordered. Those fees are therefore "on issues relating to" the Plan within the meaning of section 2030(d), and are reasonably necessary to ensure Dana has access to meaningful representation in the appellate proceeding initiated by the Plan.

A.    **The resource disparity here underscores the need for a fee advance**

The equities supporting a section 2030 award are especially compelling here. Dana is an unpaid support creditor who has been required to pursue repeated litigation merely to obtain arrears already found owing. She now faces appellate proceedings initiated by the very entity ordered to honor the QDRO, yet she lacks the financial ability to retain competent appellate counsel.

By contrast, the Plan is represented by experienced counsel who have already litigated these issues extensively in the trial court and who have now elected to continue that litigation on appeal. The disparity is substantial. Without a fee advance, Dana will be forced to defend an appeal involving ERISA, QDRO, and appellate procedure issues against a sophisticated institutional litigant with specialized counsel, while she remains without the support funds the QDRO was intended to secure.

Section 2030 exists precisely to prevent that type of one-sided result.

B.    **The Court may consider the practical realities created by the Plan's representation**

An additional circumstance relevant to the section 2030 analysis is that the Plan is represented by attorneys bearing the same DLA Piper name as the Plan itself. The appellant is the DLA Piper LLP (US) Profit Sharing & 401(k) Savings Plan, and the attorneys appearing on its behalf are from DLA Piper LLP (US).

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273.2800 • FACSIMILE 310.273.3642

Dana does not presently know the precise internal billing arrangement between the Plan and its counsel. However, regardless of whether counsel is paid directly by the Plan, by a related entity, or through some other internal arrangement, the practical reality is the same: Dana is being required to defend an appeal prosecuted by a DLA Piper-named pension plan represented by DLA Piper attorneys, while Dana herself lacks the funds to hire appellate counsel at all.

That circumstance is relevant for two reasons. First, it underscores the severe imbalance in access to legal resources. Second, it demonstrates why an advance of fees is necessary to place Dana in a position to meaningfully defend the order already entered in her favor. Section 2030 is concerned with practical access to representation, not formal labels. Here, the Plan has ready access to institutional counsel and has used that access to prolong litigation over payment of support arrears, whereas Dana has no comparable ability to defend herself without court intervention.

C.    **The Plan's continued litigation posture makes a fee advance necessary**

The record shows that the Plan has repeatedly litigated the same core position. It first moved to dismiss the joinder on ERISA grounds. After that motion was denied, it still refused to comply with the QDRO, forcing Dana to file an enforcement *Request for Order.* After the Court again ruled against the Plan and ordered compliance, the Plan filed this appeal. In its subsequent *ex parte* application regarding the appeal bond, the Plan again raised the same essential theme - that compliance with the QDRO would somehow require the Plan or its fiduciaries to act improperly.

Thus, the fee request is not based on a single isolated filing. It arises from a sustained course of litigation conduct that has required Dana to expend fees at every stage simply to enforce support obligations already adjudicated. The appeal is the latest step in that pattern, and it is precisely the type of proceeding for which section 2030 authorizes a fee award so that a financially disadvantaged party can defend the relief

FRIEDMAN & FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

In Re The Marriage of:
Petitioner: DANA DAVIS ROBINSON
Respondent: SCOTT K. ROBINSON

VENTURA COUNTY SUPERIOR COURT
CASE NO. D 397 578
Request for Order - Attorneys' Fees

5

obtained below.

In summary, California law strongly supports the principle of leveling the playing field through an award of attorney's fees, particularly where one party lacks funds because support has not been paid and the opposing litigant has elected to continue litigating through appeal.

## 4.

## CONCLUSION

The Plan's conduct throughout this litigation reflects a pattern of serial delay and re-litigation that has forced Dana to incur unnecessary fees simply to obtain support already owed. The Plan first attempted to terminate Dana's joinder through a motion to dismiss, asserting that any QDRO-based payment of support would be impermissible, would violate ERISA and the Plan's governing documents, and would allegedly place fiduciaries in breach of ERISA duties.

After the Court denied that motion and resolved the ERISA/QDRO issue, the Plan still refused to comply, requiring Dana to file an enforcement RFO - only to be met with opposition substantially repeating the same ERISA and Plan-preemption theories already presented and rejected.

The Plan's appeal continues the same strategy. In its recent *ex parte* request to fix the appeal bond at zero, the Plan again argued that any distribution of Scott's assets would require the Plan's fiduciaries to violate duties supposedly owed to Scott. This is the same essential argument made in the motion to dismiss the joinder and again in opposition to the Request for Order compelling compliance with the QDRO.

This Court, in its September 24, 2025 *Notice of Ruling*, relied on 29 United States Code section 1056(d)(3)(B)(i) recognizing that a Qualified Domestic Relations Order is an exception to ERISA's anti-alienation provisions for enforcement of support obligations. (See also *In re Marriage of DeBenedetti & Ensberg* (2025) 110 Cal. App.5th 1035.)

| In Re The Marriage of: | VENTURA COUNTY SUPERIOR COURT |
|---|---|
| Petitioner: DANA DAVIS ROBINSON | CASE NO. D 397 578 |
| Respondent: SCOTT K. ROBINSON          6 | Request for Order - Attorneys' Fees |

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

The Plan is entitled to pursue appellate review. But Dana is equally entitled to a fair opportunity to defend the order already entered in her favor. That opportunity does not exist in any meaningful sense unless she has counsel. The imbalance is particularly stark where the appellant is the DLA Piper pension plan and it is represented by DLA Piper attorneys, while Dana remains an unpaid support creditor without funds to retain appellate counsel. Whether those attorneys are compensated directly by the Plan or through some related arrangement, the reality is that the Plan has immediate access to sophisticated legal representation and Dana does not.

Based on this record, Dana has demonstrated need, necessity, and the direct connection between the requested fees and issues relating to the joined third party. *Family Code* section 2030, including subdivision (d), authorizes a need-based fee award against a properly joined, non-spouse party for fees reasonably necessary to maintain or defend issues relating to that party. Dana therefore respectfully requests that the Court order the Piper Retirement Plan to advance $50,000 in attorneys' fees and costs so she may retain competent appellate counsel and defend against the appeal.

Dated: March 12, 2026

FRIEDMAN & FRIEDMAN

By _____
IRA M. FRIEDMAN, Attorneys for
Petitioner DANA DAVIS ROBINSON

In Re The Marriage of:
Petitioner: DANA DAVIS ROBINSON
Respondent: SCOTT K. ROBINSON

7

VENTURA COUNTY SUPERIOR COURT
CASE NO. D 397 578
Request for Order - Attorneys' Fees

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

# Declaration of
# Ira M. Friedman

# DECLARATION OF IRA M. FIREDMAN

# IN SUPPORT OF REQUEST FOR ORDER

# FOR ATTORNEYS FEES AND COSTS

I, IRA M. FRIEDMAN, declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and am a partner with the law firm of Friedman & Friedman, attorneys of record for Petitioner Dana Davis Robinson ("Dana").

2.      I make this declaration in lieu of personal testimony pursuant to Code of Civil Procedure sections 2009 and 2015.5, California Rules of Court, rules 3.1306 and 5.111, Reifler v. Superior Court (1974) 39 Cal. App.3d 479, and In re Marriage of Stevenot (1984) 154 Cal. App.3d 1051. Unless otherwise stated, I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

3.      I was retained by Dana on or about January 3, 2024, to enforce the spousal support provisions of the July 1, 2021 *Judgment of Dissolution of Marriage* ("Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit **A** and incorporated herein by reference.

4.      At the time I was retained, Respondent Scott K. Robinson ("Scott") had failed to pay spousal support as ordered and owed Dana $25,842.46 in spousal support arrears.[1]

5.      In an effort to enforce those arrears, Dana pursued collection through the issuance of *Qualified Domestic Relations Orders* ("QDROs") directed to Scott's retirement plans. One such QDRO was issued and served on DLA Piper LLP (US) Profit Sharing & 401(k) Savings Plan (the "Piper Retirement Plan" or "Plan").

6.      A *Request for Joinder* directed to the Plan was served on November 25, 2024. Rather than file a substantive response to the joinder request, the Plan moved to dismiss,

---

[1]Since that time, the amount past due has increased because of interest and because of Scott's continued failure to pay the monthly spousal support due.

1

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

In re the Marriage of:
Petitioner: DANA DAVIS ROBINSON
Respondent: SCOTT K. ROBINSON

VENTURA COUNTY SUPERIOR COURT
CASE NO. D 397 578
Declaration of Ira M. Friedman

contending that the relief sought through the QDRO was inconsistent with the *Employee Retirement Income Security Act of 1974* ("ERISA"). The motion was initially set for hearing on April 7, 2025, and later continued to May 6, 2025.

7.    On or about April 24, 2025, I received a request from Robert R. Yap, Senior Attorney at DLA Piper LLP (US), counsel for the Plan, to continue the May 6, 2025 hearing due to a scheduling conflict. I agreed to that request, and the hearing was rescheduled to May 27, 2025.

8.    Thereafter, on or about May 5, 2025, I requested a similar continuance from counsel for the Plan. That request was refused. Instead, I was advised that, although scheduling conflicts may warrant accommodations, the issue raised by our office did not merit a continuance. A true and correct copy of Mr. Yap's May 14, 2025 email is attached hereto as Exhibit **B** and incorporated herein by reference.

9.    The Plan's refusal to stipulate to a short continuance necessitated the filing of an *ex parte* application to continue the hearing. In that application, I also requested sanctions under *Family Code* section 271.

10.    The *ex parte* application was granted, the hearing was rescheduled to July 29, 2025, and the Court reserved ruling on the request for sanctions. A true and correct copy of the Court's order is attached hereto as Exhibit **C** and incorporated herein by reference.

11.    The hearing on the Plan's motion to dismiss was held on July 29, 2025. Following review of the moving and opposing papers and oral argument, the Court took the matter under submission.

12.    On September 24, 2025, the Court issued its order denying the Plan's motion to dismiss. A true and correct copy of the Court's September 24, 2025 ruling is attached hereto as Exhibit **D** and incorporated herein by reference.

///

///

FRIEDMAN&
FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

2

| In re the Marriage of:<br>Petitioner: DANA DAVIS ROBINSON<br>Respondent: SCOTT K. ROBINSON | VENTURA COUNTY SUPERIOR COURT<br>CASE NO. D 397 578<br>Declaration of Ira M. Friedman |
| --- | --- |

13.   Despite the Court's September 24, 2025 ruling, the Plan still did not comply. Accordingly, on November 13, 2025, Dana filed a *Request for Order* seeking to compel compliance with the Court's September 24, 2025 order.

14.   The Plan filed opposition to Dana's *Request for Order*, largely reiterating the same ERISA-based arguments it had raised in its prior motion to dismiss. The hearing on Dana's *Request for Order* was held on January 7, 2026. At that hearing, the Court reaffirmed its prior ruling. A true and correct copy of the *Findings and Order After Hearing* for the January 7, 2026 hearing, filed on February 3, 2026, is attached hereto as Exhibit E and incorporated herein by reference.

15.   The Plan has now filed a notice of appeal from the *Findings and Order After Hearing* filed February 3, 2026.

16.   Dana has filed a current *Income and Expense Declaration* in support of this *Request for Order*. As reflected therein, she does not have sufficient funds or available credit to retain appellate counsel.

17.   The Plan, by contrast, has continued to litigate this matter through counsel at DLA Piper LLP (US), including on its motion to dismiss, in opposition to Dana's Request for Order, and now on appeal. I do not know the precise financial arrangement between the Plan and its counsel, including whether those legal services are billed directly to the Plan, absorbed internally, or otherwise provided without any immediate out-of-pocket payment by the Plan. What is clear, however, is that the Plan has had the benefit of continued access to legal representation, whereas Dana does not. Dana must secure and fund appellate counsel herself in order to defend the order already obtained enforcing her right to past-due spousal support.

18.   This disparity is particularly significant because Dana is not litigating to obtain a windfall. She is attempting to preserve and enforce orders intended to secure payment of support already found to be due and owing to her. Without an advance of fees and costs,

3

In re the Marriage of:
Petitioner: DANA DAVIS ROBINSON
Respondent: SCOTT K. ROBINSON

VENTURA COUNTY SUPERIOR COURT
CASE NO. D 397 578
Declaration of Ira M. Friedman

FRIEDMAN & FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

Dana cannot meaningfully defend against the Plan's appeal or protect the relief this Court has already ordered.

19.    Dana requires funds to retain appellate counsel to respond to the Plan's appeal. On Dana's behalf, I request that the Court order the Plan to advance $50,000 in attorney's fees and costs so that Dana may retain competent appellate counsel to protect her interests on appeal. My firm, Friedman & Friedman, does not currently handle appellate matters.

20.    I submit this declaration and request based on my experience as a family law attorney, including my involvement as author or co-author of published California family law opinions in which my client prevailed, including *In re Marriage of Allison* (1987) 189 Cal.App.3d 849, *In re Marriage of Gavron* (1988) 203 Cal.App.3d 705, and *In re Marriage of Keech* (1999) 75 Cal.App.4th 860.

21.    Since 1983, I have been a Certified Family Law Specialist, certified by the State Bar of California Board of Legal Specialization. I am a Fellow of the American Academy of Matrimonial Lawyers and a past President of its Southern California Chapter, and a Fellow of the International Academy of Family Lawyers. I have lectured for Continuing Education of the Bar, the American Bar Association, the Los Angeles County Bar Association, the Beverly Hills Bar Association, the Southern California Chapter of the AAML, and the Rutter Group. I have served as a Judge Pro Tem in family law matters in the Central and West Districts and have served as a mediator in those districts. I am a past Chair of the Beverly Hills Bar Association Family Law Section and a member and past Chair of the Los Angeles County Bar Association Family Law Executive Committee.

///

///

///

///

4

| In re the Marriage of: | VENTURA COUNTY SUPERIOR COURT |
|---|---|
| Petitioner: DANA DAVIS ROBINSON | CASE NO. D 397 578 |
| Respondent: SCOTT K. ROBINSON | Declaration of Ira M. Friedman |

FRIEDMAN & FRIEDMAN LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

22.    Based upon my education, training, and professional experience, it is my opinion that Dana will require approximately $50,000 to retain competent appellate counsel to respond to and defend against the Plan's appeal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2026, at Beverly Hills, California.

_____
IRA M. FRIEDMAN

FRIEDMAN & FRIEDMAN
LAWYERS
9454 WILSHIRE BOULEVARD, SUITE 313
BEVERLY HILLS, CALIFORNIA 90212-2904
TELEPHONE 310.273-2800 • FACSIMILE 310.273-3642

5

In re the Marriage of:
Petitioner: DANA DAVIS ROBINSON
Respondent: SCOTT K. ROBINSON

VENTURA COUNTY SUPERIOR COURT
CASE NO. D 397 578
Declaration of Ira M. Friedman