Attorney's Fees Or

# Exhibit 21

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

**JUDGE:** AMY E. VAN SICKLE    **DATE:** 6/22/2026    **TIME:** N/A

**CLERK:** ROSALINA AUDINO    **BAILIFF:** N/A    **CASE NO.** D397678

**TITLE OF CASE:**

DANA DAVIS ROBINSON, Petitioner, by Kiyoshi Graves, Attorney

v.

SCOTT K. ROBINSON, Respondent, self-represented.

## NATURE OF PROCEEDINGS:  RULING ON SUBMITTED MATTER

This matter came on for hearing on Petitioner's Request for Order filed March 13, 2026, requesting attorney's fees and costs from joined a third party, DLA Piper LLP US Profit and Sharing 401K Savings Plan. Petitioner was present by counsel, Kiyoshi Graves. Respondent was not present.  The joined third party, DLA Piper LLP US Profit and Sharing 401K Savings Plan c/o Principal Life Insurance Company (hereinafter "DLA Piper"), was present by counsel, Robert Yap.

This case is post-judgment. Petitioner filed a Request for Joinder against DLA Piper to secure compliance with enforcement of a spousal support order against Respondent and his interest in the DPA Piper 401K Plan. DLA Piper filed a motion to dismiss. This court denied the motion and DLA Piper filed an appeal which remains pending.

The issue before the court is Petitioner's request for attorney's fees from DLA Piper based upon her need pursuant to Family Code §2030 to defend the appeal filed by DLA Piper. Petitioner filed the appropriate pleadings including an Income and Expense Declaration as required by California Rule of Court 5.427(b). DLA Piper opposed the request and argued that Petitioner did not show she has a need for attorney's fees and that an award of attorney's fees violates the spend-thrift clause of the Employee Retirement Income Security Act (ERISA). DLA Piper did not file any financial information including an Income and Expense Declaration.

As to DLA Piper's arguments that Petitioner has not shown a need for attorney's fees, the court reviewed all pleadings including the declarations of Petitioner and Kiyoshi Graves as well as her Income and Expense Declaration. The need for attorney's fees is to defend against the appeal filed by DLA Piper and for fees incurred as a result of DLA Piper's filings. Petitioner's income is sufficient to meet her basic monthly expenses, but she does not appear to have the income or assets to fund the opposition to the appeal or other litigation. The court finds that Petitioner has shown a need for attorney's fees and finds $50,000 to be a reasonable request.  DLA Piper did not argue that it does not have the ability to contribute towards Petitioner's fees.

1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

DLA Piper also argued that any award of fees from the plan to someone other than the employee would violate the spend-thrift clause under ERISA unless it qualifies as a Qualified Domestic Relations Order (QDRO). Here, Petitioner is requesting an order of fees from DLA Piper and the Administrator, not the individual 401K plan for the benefit of Respondent. An order requiring a party who is not the spouse of another party to the proceeding to pay attorney's fees or costs shall be limited to an amount reasonably necessary to maintain or defend the action on the issues relating to that party. Family Code §2030(d). This court finds that it does have the authority to order DLA Piper to pay attorney's fees as authorized by statute. However, the amount of fees is limited to the issues relating to DLA Piper's actions and/or involvement in the case.

The court grants Petitioner's Request for Order. DLA Piper LLP US Profit and Sharing 401K Savings Plan shall pay to Petitioner the sum of $50,000 as and for attorney's fees forthwith.

The clerk shall give notice of this ruling.

Date:    **JUN 2 2 2026**

HON. AMY E. VAN SICKLE
JUDGE OF THE SUPERIOR COURT

2

**PROOF OF SERVICE**
*CCP § 1012, 1013a (1), (3) & (4)*

STATE OF CALIFORNIA      )
                                          )   ss.
COUNTY OF VENTURA      )

**Case Number: D397678   Case Title: DANA DAVIS ROBINSON v. SCOTT K. ROBINSON**

I am employed in the County of Ventura, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 800 S. Victoria Avenue, Ventura, CA 93009. On **June 22, 2026,** I served the within:

## RULING ON SUBMITTED MATTER

on the following named party(ies):

Ira M. Friedman, esq.                    Scott K. Robinson
Kiyoshi Graves, esq.                      255 Valley Gate Road
9454 Wilshire Blvd. #313                Simi Valley, CA 93065
Beverly Hills, CA 90210

☐   **BY PERSONAL SERVICE:** I caused a copy of said document(s) to be hand delivered to the interested party at the address set forth above on _____ at _____ a.m./p.m.

☒   **BY MAIL:** I caused such envelope to be deposited in the mail at Ventura, California. I am familiar with the court's practice for collection and processing of mail. It is deposited with the U.S. Postal Service on the dated listed below.

☐   **BY FACSIMILE:** I caused a copy of said documents to be sent via facsimile to the interested party at the facsimile number set forth above.

☐   **BY ELECTRONIC SERVICE (EMAIL):** I caused a copy of said documents to be sent via electronic service to the interested party at the electronic service address as set forth above.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on **June 22, 2026,** at Ventura, California.

KATE BIEKER, Superior Court,
Executive Officer and Clerk

By: _____
Rosalina Audino, Judicial Secretary

**PROOF OF SERVICE**